**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARTUR ASTAFEV,<br><br>                                    Petitioner,<br><br>v.<br><br>WARDEN, OTAY MESA DETENTION CENTER, et al,<br><br>                                    Respondents. | Case No.:  3:26-cv-00313-RBM-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO APPOINT COUNSEL [Doc. 2];**<br><br>**(2) SETTING BRIEFING SCHEDULE** |

On January 20, 2026, Petitioner Artur Astafev ("Petitioner"), through his wife Anastasiia Astafev, filed an Emergency Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.  (Doc. 1) and a Request for Appointment of Counsel under the Civil Rights Act of 1964, 42 U.S.C. § 2000e 5(f)(1) ("Motion to Appoint Counsel") (Doc. 2).

### I.      APPOINTMENT OF COUNSEL

"Whenever the United States magistrate judge or the [C]ourt determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . (B) is seeking relief under section 2241, 2254, or 2255 of title 28."  18 U.S.C. § 3006A(a)(2).  "In deciding whether to appoint counsel in a habeas proceeding,

1

the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (citations omitted).  The appointment of counsel is left to the sound discretion of the Court.  *See Terrovona v. Kincheloe*, 912 F.2d 1176, 1181–82 (9th Cir. 1990).

As a preliminary matter, the Petition and the Motion to Appoint Counsel are both brought by Petitioner's wife as his "next friend."  (Doc. 1 at 2; *see* Doc. 2 at 5–7 (declaring that her "husband" provides income).)  "'[N]ext friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves."  *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990) (citing *United States ex rel. Toth v. Quarles*, 350 U.S. 11, 13, n.3 (1955)).  However, "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another."  *Id*. at 163.  To establish standing, a person seeking next friend status "must show: (1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner."  *Coal. of Clergy, Laws., & Professors v. Bush*, 310 F.3d 1153, 1159–60 (9th Cir. 2002) (quoting *Massie ex rel. Kroll v. Woodford*, 244 F.3d 1192, 1194 (9th Cir. 2001)).

In this case, Petitioner's wife, Anastasiia Astafev, asserts that Petitioner is unable to litigate his own cause "due to restrictions on access to legal resources."  (Doc. 1 at 2.)  Additionally, as Petitioner's wife, Mrs. Astafev has a significant relationship with Petitioner and states she is acting in the interests of Petitioner and their two minor children.  (*Id*.)  The Court therefore finds that next friend standing has been sufficiently established.

Moreover, Petitioner lacks funds to pay for an attorney because: he is the sole provider for his family, including his minor children ages 8 and 1; his estimated monthly expenses total $2,350; and he has no money in savings or checking accounts.  (Doc. 1 at 4, 8; Doc. 2 at 4–7.)  Thus, Petitioner has sufficiently alleged he cannot afford to hire counsel.

The Court also finds that representation is necessary given the complexity and

potential validity of the constitutional, statutory, and procedural issues presented. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Accordingly, the Court **CONDITIONALLY APPOINTS** Federal Defenders of San Diego, Inc. as counsel.[1]

## II.    ORDER TO SHOW CAUSE

Having reviewed the Petition, the Court finds summary dismissal of the Petition is unwarranted. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.") (citation omitted). Accordingly, Respondents are **ORDERED TO SHOW CAUSE** on or before **February 5, 2026 at 4:30 p.m.** as to why the Petition should not be granted by: (1) filing a written response; (2) filing as exhibits all documents or evidence relevant to the determination of the issues raised in the Petition, including any and all relevant documents reflecting Petitioner's immigration history; and (3) making a recommendation regarding the need for an evidentiary hearing. Petitioner **shall file** a reply on or before **February 13, 2026 at 4:30 p.m.** The matter will be deemed under submission at that time and the Parties shall await further order from the Court.

To preserve the Court's jurisdiction, and to maintain the status quo, Petitioner **SHALL NOT** be transferred outside of the Southern District of California pending a ruling in this matter. *See Doe v. Bondi*, Case No.: 25-cv-805-BJC-JLB, 2025 WL 1870979 at *1 (S.D. Cal. June 11, 2025) ("Federal courts retain jurisdiction to preserve the status quo while determining whether [they have] subject matter jurisdiction over a case and while a petition is pending resolution from the court.") (collecting cases).

The Clerk of the Court is **DIRECTED TO TRANSMIT** a copy of the Petition (Doc.

---

[1] Although Mrs. Astafev was authorized to file the Petition and Motion to Appoint Counsel as Petitioner's next friend, all future filings must be made by Petitioner's counsel. *See United States v. Caputo*, Case: 1:14-CR-00041-JLT-SKO-1, 2023 WL 5207318, at *5 (E.D. Cal. Aug. 14, 2023) ("[T]he [federal habeas] statute does not authorize the 'next friend' to proceed without an attorney.").

3:26-cv-00313-RBM-AHG

1), the Motion to Appoint Counsel (Doc. 2), and this Order to the United States Attorney's Office and to Federal Defenders.  Counsel for Petitioners **SHALL FILE** a notice of appearance on or before February 4, 2026.

    **IT IS SO ORDERED**.

DATE:  January 30, 2026

 

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:26-cv-00313-RBM-AHG